only case for this afternoon, United States of America v. Stoney. Mr. Ulrich. Good afternoon, and may it please the court. Frederick Ulrich on behalf of the appellant, George Stoney. I'd like to reserve two minutes of my time for rebuttal. Good. Please proceed. In this case, the court's question over whether a conviction for a section 924 C offense based upon either Pinkerton liability or aiding and abetting satisfies the force clause can be, we think, most succinctly addressed and answered through a simple question. Does the force clause anticipate a defendant's personal use of force, or is it adequate that somebody else uses force? We believe... Before we even get to that, are we in a posture where we have to be asking that question if we know that Mr. Stoney did commit armed robbery, that there's no Pinkerton or aiding and abetting issue here? Well, he was charged under both, and that's how he pled. It's not just that that's how he pled, but in Colazzo, which I understand is an NPO, but it looked at this issue and it said, straight up, in the context of a 924 C guilty plea, our sister circuits have looked to the factual proffer, plea hearing, and other evidence in the record to determine if a qualifying predicate offense was committed. Here, the indictment, plea agreement, and plea colloquy all make clear that Colazzo committed Hobbs Act robbery if there was some question in terms of the divisibility of the statute. We'd clearly engage in a modified categorical approach and look at the plea colloquy and other appropriate documents, like jury instructions, but this is not a divisible statute. Nobody's suggesting a modified categorical approach here. In fact, it wasn't even addressed in the briefing. But you're not disputing that your client was, pled guilty to a completed Hobbs Act robbery, are you? He pled guilty to a Hobbs Act robbery. A completed Hobbs Act robbery, not an attempted Hobbs Act robbery. Well, that's what occurred at the guilty plea. But again, we're in a categorical approach situation where we're looking at the elements of the offense. Ultimately, one of the elements would be, do these Pinkerton liability and aiding and abetting theories alter that? And our position is, they do. And they do because in the United States Supreme Court's recent opinion in Taylor, the court repeatedly asked the question, whether the defendant himself committed the crime of violence, used force, and indeed framed the entire inquiry in multiple pages throughout the opinion as to whether the government adequately proved the use of force in And in order to know that this was a completed Hobbs Act robbery case, didn't we need to look at the record at that point? I don't believe so. Not unless there's a question as to the divisibility of the statute. And 1951's an argument. Do you think we're still up in the air about whether this is attempted or whether it's actual? Well, that was the Once you've made that choice and you've sent this into the record, we're in the record, right? Well, the choice we made was we argued that the categorical approach applies. This Section 1951 is an indivisible statute. It doesn't have any of the hallmarks of a divisible statute. It doesn't have separate paragraphs detailing different elements, nor does it have different gradations of the offense relative to the particular conduct. Maybe not, and I don't want to be repetitive, but maybe the answer to this is, no, you never had to go into the record. But once you put in front of us and you put in front of the district court, hey, there's an attempt issue here, then at that juncture to figure out whether it's attempt or completed Hobbs Act robbery, we're permitted to look at the record, right? Or no? I say no, but I now understand the point you're trying to make. Yes. I'm not trying to make a point. I'm just trying to figure this out. I didn't understand the question, perhaps, but if you look at the Hobbs Act statute, it's interference with interstate commerce by threats and violence. It has several different means of doing that. One of those means is robbery. Another one's attempted robbery. Another one's conspiracy to commit robbery. Another one's extortion. But those are means. Yes, but they're crucial for the very reason you pointed out when you started arguing Taylor. Attempted robbery is not categorically a crime of violence after the Supreme Court got through with this in Taylor. And completed Hobbs Act robbery clearly is a crime of violence. So if you say we don't know whether it's attempted or whether it's completed, you put us into a posture where we need to find that out, so we look at the record. Isn't that the case? If it's a divisible statute, correct. If it's not, then you look at the least act penalized under the statute, and that would be an attempt or conspiracy. Now I'm puzzled because you can have, and you've just said this is not a divisible statute. So is your assertion that you can say in a case like this where there's not a divisible statute, we don't know whether the predicate was attempted or completed, so you can never look. So from now on, it doesn't matter whether it's divisible or it's not divisible. Really, you're stuck because you just can't look. Well, that's part of the categorical approach. I mean, if it's not a divisible statute, you look at the least culpable act under the statute. I think we would all agree that that would be an attempt because that act would be the least culpable. So post-Taylor, the position that the federal public defender is taking, post-Taylor, if an indictment charges both attempt and completed robbery, you're always and forever in attempt land. Well, that would be the least culpable act under the statute based on both Moncrief versus Holder and even this court's decision in Marcus Walker. So your position today is we should be talking about attempt. Well, we could be, but the court framed the issue differently than that in granting the certificate of appealability as to whether there's an effect on this plea based on Pinkerton liability and aiding and abetting. And that's the question we're attempting to answer is we don't believe that based on Taylor, you can satisfy the force clause by the use of somebody else's force. If I thought, hmm, sitting here, hmm, I don't know whether it's attempt or completed and was operating under the misimpression that I should, you know, that I'm not somehow bound to always assume it's attempt under those circumstances, but thought I could look at the record like we looked at the record in Colosso. Would that be the end of the matter in this particular case? Because in this particular case, the plea colloquy demonstrates definitively that your client committed the robbery, that he brandished a gun himself. He was in there pointing the gun at people. Well, I think I'd go so far as to say that if we were going to take the divisibility of the statute off the table and just look at what the plea colloquy said, we'd still have to answer the question as to whether there's some impact or effect given the pleading to Pinkerton liability and to aiding and abetting, which were charged along with the Hobbs Act robbery. So to avoid this problem down the line, how should the government charge these cases? Well, they... How should the government charge a completed Hobbs Act robbery? Well, I don't know that they necessarily need to avoid the problem of the law changing, you know, post-indictment. But, you know, there's no necessity to charge aiding and abetting in an indictment. This Court said that plenty of times. I'm not sure whether the same holds true for Pinkerton. But in this kind of a case, they can certainly ask for criminal information and a plea to a specific means. You know, you can't always get a criminal information. You have to get the defendant to agree to a criminal information. That's true. But if they're agreeing to plead guilty, I don't believe there would be any issue in terms of pleading to a criminal information that refines and defines the issue a little more clearly than... So would you have to charge Stoney individually and charge the other gentleman here with the aiding and abetting and conspiracy? No. So if Stoney was pleading guilty, I think as part of the plea agreement, the plea could be to a specific account that didn't include some of these alternate theories of liability and was more focused. I don't believe that would be... That happens all the time. I don't believe defendants routinely object to an information that refines or defines an offense that they're pleading guilty to when they've already agreed to plead guilty anyway. Well, speaking of all the time, isn't it just standard practice to always charge Section 2 along with the subset of offense? Well, yes. I wouldn't say always. We've certainly had cases where that was brought up at the end of trial. But it's inferred as part of the charge. So it's, yes, standard practice in the sense that the government takes advantage of these tools that they can use to expand the net, make it a little bit easier to get a conviction. I understand that. So it would be a remarkable thing, wouldn't it, to say that something which has been the practice for as long as I've known actually created a circumstance where somebody who was indicted for Hobbs Act robbery was not exposed to enhanced penalties because there also happened to be a citation in the indictment to Section 2 or Pinkerton? Well, again, that could be certainly fixed through a different charging document that eliminated that. But the difficulty or the problem we see with it is if the Supreme Court is saying that the force clause in Taylor is the defendant's use of force, and that's what the government has to prove, and you have this alternate theory of liability that somebody else could use the force or somebody else could do it as part of Pinkerton, then you've stepped outside of that. And it makes some sense that Congress might want to punish more severely the person who actually used force as opposed to some sort of accessory in the case. I mean, after all, 924 is a penalty statute. It carried to its logical extremes. You're going to say that any aider and abetter could be responsible for as a principal. Then why not apply it to 924-8 in the Armed Career Criminal Act? A person could give somebody a firearm, know they've got a couple of convictions, and be subject to those enhanced penalties as well. So it does make some sense to draw a line a little bit when there's some question as to where or whose, rather, who's using the force. Why don't you take on directly the government's argument that you've got no basis to complain here because, unlike in attempt circumstances, you cannot conceive of any circumstance where a defendant convicted of Hobbs Act robbery is not convicted on the basis of every element of the offense being committed. Well, the definition of Pinkerton liability and aiding and abetting is you don't have to participate in each element of the offense. That's the very definition of the offense. Yeah, but the definition of both those things is also you are legally culpable for those things. And so if you're legally culpable of those things and, therefore, you are exposed to the substantive offense of which your client was guilty, then why would you not be exposed to the enhanced penalties which are geared specifically to that substantive offense? So the aiding and abetting statute provides that you'll be punishable as a principal, and certainly no one's arguing that Mr. Stoney shouldn't be punished as a principal in the Hobbs Act robbery itself. But adding this extra layer of punishment when the Supreme Court has said, well, we're looking at whether the defendant himself used force is different. And the fact that that doesn't mean he's not being punished. Why is the crucial thing when you say it's different? I guess I'm trying to press you to explain what's the policy rationale or what's the legal basis for slicing the salami that thin to say you can be and are guilty of the substantive offense. But when it comes to being exposed to enhanced penalties that are associated with the substantive offense, at that point we stop holding you criminally responsible and we think of you differently. So that even though Judge Sirica didn't hold the gun, he persuaded Judge Restrepo to hold the gun. Never really happened. That his instrumentality, his association, his culpability in the crime, which is acknowledged, he's got that culpability. Now he's situated differently even though he's substantively responsible. Where's the argument for that anywhere, including in Taylor? Well, Taylor says it's the defendant's use of force. That's in an attempt crime where you're not committing every element of the offense. Well, that's true in aiding and abetting and in Pinkerton liability. You do not have to commit every element of offense. It's imputed to you that you're punishable the same. But does that mean that every punishment associated with the principle, like the Armed Career Criminal Act or some other career offender, is also imputed to you? Our argument is that it's not. I see that my time has expired. I don't know if I've gotten through. If my colleagues will indulge me for one more minute. I really, the business, I want to make sure I understand your position. And I want to get warned off something if I'm wrong about this, Mr. Ulrich. And I do appreciate, you know, it's not your first rodeo. You're very experienced. You know these things. You said this is not a divisible statute. What's the this you're talking about? Section 1951, the Hobbs-Zach Roberts statute. It's just one paragraph. It says you interfere with interstate commerce by force or by threats or violence. Right. So in Colosso, that was the exact charge, right? I believe so. Unfortunately, I think that was my case as well. And in that case, we said in the context of a 924C guilty plea, our other circuits have looked to the plea, the factual plea offering and other evidence in the record to determine if the qualifying predicate offense was committed. We didn't say if there's a divisible statute. We didn't say anything like that. We said in a circumstance exactly like this one, you can look to that full record. So I think we followed Colosso. Would that be game up for you or not? Is there another way that you get out of this? Well, I don't know if the aiding and abetting and Pinkerton theories were, I don't remember off the top of my head, were included in the Colosso appeal. But yes, if we're going to say now that there's no difference between the modified categorical approach and the categorical approach, that certainly undermines much of the argument that Mr. Stoney would have in connection with this particular case. The real question is, does 924C really allow you to look at the full record? Because it doesn't say, at least in Navarro and the 11th Circuit, I don't believe they got into categorical versus non-categorical or in the Cannon case or some of the others that were cited here. It just said in a 924C, when you're trying to figure out what the predicate is, you can look at the full records. If we took that as accurate, then we would be looking at the full record in this case too. Yes, but I don't know why we wouldn't know what the charge is. I mean, the 924C offense specifically spells out Hobbs Act robbery and specifically includes both aiding and abetting and Pinkerton, so there's really no need to look beyond those charges, at least in their elements. Okay. Well, I know I'm sort of maybe dropping this on people late, but I'm going to ask you and I'll ask your colleague maybe for some 28-J letters because I'd be curious to have any follow-up authority that either supports or refutes what we said in Colosso. All right? Okay. Thank you. We'll have you back on rebuttal. Good afternoon. May it please the Court. Carlo Marchioli on behalf of the United States. The government really is asking the Court to do exactly what it did in Colosso where you had a potentially inviolable predicate under 924C and a viable predicate under 924C. There was conspiracy to commit Hobbs Act robbery and actual Hobbs Act robbery. Here it's attempt to commit Hobbs Act robbery and actual completed Hobbs Act robbery. So is Mr. Ulrich right that we're just not allowed to do that because nobody's ever said that the Hobbs Act is a divisible statute, so we're locked into the categorical approach? So that would be an extraordinary conclusion. I submit Hobbs Act robbery, Section 1951, is divisible. It's divisible as to extortion and robbery. It's divisible as to conspiracy to commit robbery or extortion and the actual substantive offense of robbery or extortion, and it's divisible as to attempted robbery, attempted extortion, and completed robbery, completed extortion. I did a little bit of research on this post-Taylor. I didn't find much because I think it's pretty much an indisputable proposition, but there is a Tenth Circuit non-presidential case called Eccleston. The posture was whether to grant a certificate of appealability. The Tenth Circuit declined to do so, saying that jurists of reason would not dispute that Hobbs Act robbery is divisible as to completed robbery, attempted robbery, and conspiracy to commit robbery. In Colosso, the court did cite some other circuits that engaged in a similar analysis. I think it was Navarro and Cannon. There are some additional cases out there that engaged in pretty much the same type of analysis more recently. One of the most recent ones is a case out of the Ninth Circuit called Reed. Reed did a very nice job of explaining really the inquiry that's going on here. When you're trying to figure out what the predicate offense for the 924C crime is, you're not really engaged in the categorical approach. In the categorical approach, you're asking whether a specific offense qualifies as a crime of violence. When you're trying to figure out what the predicate 924C offense was, that's more of a fact-based inquiry based on what happened below, whether it be a trial and the jury instructions that were given, or in the case of a guilty plea, what happened during the plea colloquy and the specific factual basis that the defendant agreed to. Reed also cited some cases from other circuits that engaged in a very similar analysis. Gronda, which I think is out of the Eleventh Circuit, and Ali, which is out of the Fourth Circuit. The Fourth Circuit most recently engaged in a similar analysis in a case called Syed. Again, these cases I think are entirely consistent with what the court did in Colazzo. The request for 28J goes to you too, of course,  so we can follow up and see your research claims and take a look at them more carefully. Absolutely, Your Honor. Additionally, on the divisibility question, I think it's clear from Taylor that the Supreme Court treated completed Hobbs Act robbery and attempted Hobbs Act robbery as entirely separate crimes with separate elements. And it was the difference between those elements that ended up being the government's downfall in Taylor because attempted Hobbs Act robbery can be committed differently from completed Hobbs Act robbery in a way that doesn't require the use, attempted use, or threatened use of force. Does the record here establish completed Hobbs Act robbery? Absolutely. I'll start with the indictment. And I think the important count to focus on is count two, which did not include any sort of attempt language. It didn't incorporate by reference count one. And I think it's important to focus on the specific 924C count, which is count two, because as is well established, a defendant doesn't need to be charged or convicted of the predicate offense to be guilty of the 924C offense. So it's important to focus on the actual 924C count. Then when you get to the plea agreement, the plea agreement doesn't elucidate things terribly much, except that it just refers to Hobbs Act robbery as the offense that the defendant was pleading guilty to on count one. Then when you get to the change of plea proceeding, the district judge confirmed for Mr. Stoney that he was pleading guilty to armed robbery and brandishing a firearm. Then the factual basis that he agreed to certainly established a completed Hobbs Act robbery. He and two others entered the Cracker Barrel restaurant. Each of them had a firearm. Each of them brandished the firearm at workers and customers in the restaurant. And then they left with over $8,000. And it was after they left that they were apprehended. And that's all in the representation of the assistant United States attorney in the context of the plea colloquy, right? Correct, Your Honor. And then it's confirmed by Mr. Stoney. The plea agreement refers to a Hobbs Act robbery, not an attempted Hobbs Act robbery. That's right. I think that's another indication that what happened here in this case was a completed Hobbs Act robbery, not attempt. And I'll go back to the indictment just briefly. I don't think it sheds a lot of light on things. And as I said, I think it's important to focus on count two. But if the court were to focus on count one, there is attempt in that count one time. But then there's also some limited factual allegations. They're limited, but they're in there. And they allege that Mr. Stoney and the two co-conspirators, I think the language was something along the lines of did unlawfully take and did commit an armed robbery. You know, Mr. Ulrich will speak for himself, but he's tried to get us to focus on this, that sure, the government says it proved every element of a completed Hobbs Act robbery, and we're not fighting that. But that's the wrong question to ask. The right question to ask is, you know, is Mr. Stoney subject to the enhanced penalties if he himself wasn't the person who was brandishing a weapon, who was threatening other people, et cetera? Because then if he's guilty only vicariously through Pinkerton or aiding and abetting, then it's not the exact same maybe as attempt, but it's akin to attempt. You're hitting somebody when they didn't actually use force. They're not actually responsible for that. Just assume for the sake of discussion we got to that point in our analysis, you know, that he was successful in persuading us, no, we're in categorical approach land. We're not looking at the full plea colloquy kind of record. What's your answer to his argument that there's a distinction to be made between substantive liability under Pinkerton or Section 2 and substantive liability because, you know, you did it all yourself? Just the well-established fact that a defendant is liable under aiding and abetting Section 2 or Pinkerton for the substantive offenses of the person he aided and abetted or a co-conspirator if the elements of Pinkerton are established. And I think Your Honor's question, Judge Jordan, was let's assume that Mr. Stoney himself didn't even have a firearm, and that's a little bit different from the facts of this case because Mr. Alwork's principal argument is if you're only guilty of Hobbs Act robbery based on aiding and abetting theory or Pinkerton theory, then even if you possess the firearm, you should not be held responsible for that. But even if we assume that he didn't possess the firearm, I think it is well-established that under Section 2 or Pinkerton, a defendant can be guilty of a 924C offense. And punishable by? That's correct, Judge Sirica. And I think that's supported by decisions out of numerous circuits. In the Pinkerton context, this Court had a non-precedential opinion in a case called Howell, I think from last year, which addressed Pinkerton in the 924C context. As the Court's aware from the briefing, in both the aiding and abetting and Pinkerton context, I think there's unanimity among the circuits that both theories of liability can serve as the basis for a 924C conviction. And so we would just simply ask the Court to follow that unanimous authority. And although this Court hasn't opined in a precedential opinion, I don't believe, on either subject. I mentioned the Howell decision in the Pinkerton context. We also cited McKelvey in the briefing, as well as Stiles, which came after McKelvey, another non-precedential decision. So really the weight of authority in the government's view is on our position on that particular issue. But we would never get to any of that if we thought you were right about Hobbs Act divisible, and therefore were following Colazzo right down the line. That's correct, and that's the government's front-line position. The Court should follow Colazzo, follow the decisions that Colazzo cited, and the additional decisions that I mentioned today, and that I'll provide to the Court in the 28J letter. If the Court doesn't have any additional questions, I just ask that the Court affirm the District Court's order. Okay, thank you very much. We appreciate your argument, and we'll hear from counsel for the defending again. Just to address the one point that the government makes about the weight of authority on Pinkerton and Indian Abetting, it's true. This Court and many others have weighed in and said, you know, it doesn't matter. But they were all before Taylor, and when Taylor changes the dynamic in terms of what you're supposed to focus on, I'm not sure whether the weight of authority any longer means that much. Just like the weight of authority was an attempt at Hobbs Act robbery was adequate until Taylor came down from most of the circuits aligned with this circuit on that point. Okay, and you heard Mr. Marchioli say, well, Hobbs Act clearly is divisible in all the ways in which it is divisible. Do you agree with that? I do not. I believe those are just means as opposed to actually elements. It's just different means of committing the same thing, interfering with interstate commerce. Do you have any authority for your position? None other than the Court in Mathis outlined what it takes to treat something as an element as opposed to a means, and it lines up with means. I mean, those things don't change the gradation of the offense. They're not separately laid out. Doesn't Taylor itself mean it has to be divisible, at least as between attempt and completed Hobbs Act robbery? Well, perhaps. That would be an inference you could make. But Taylor was also addressing, Taylor was also charged with a conspiracy. And by the way, Taylor was also charged as an aider and abetter. So all of those things were in front of the Court. It wasn't a whole lot different, at least in terms of the procedural and factual setup. Somebody was shot in Taylor, and that was different. And the Court viewed it as there being not just different means, but completely different. I mean, extortion is one crime. Armed robbery is a different crime. They're both in the Hobbs Act statute, right? Attempt is a crime that's different, an inchoate crime, different from the completed crime, right? Those aren't just means. Those are different crimes, aren't they? They are different crimes, but the crime here is interfering with state commerce by doing this other thing, whether it's a robbery, an extortion attempt, or a conspiracy. It doesn't change the nature of the statute. Okay. Thank you. Well, we thank counsel for their argument. We'll look forward to getting those 28-J letters. It's not too much trouble. I'll ask you to do cross-letters. If you can get that to us by, I think, a week from Friday, and then cross-replies the following week if you want to, but in the same time frame. So a week from this Friday and then the following Friday after that, if you choose to file replies, that would be a help. Okay.